UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-588 CAS (VBKx) | Date | July 24, 2008 |
|---|---|---|---|
| Title | Vincent White v. California Community Colleges, et al. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Not Present | Not Present | |

**Proceedings:**       **(In Chambers:) Plaintiff's Motion for Default Judgment** (filed 06/18/08)

    The Court finds this motion appropriate for decision without oral argument.  Fed. R. Civ. P. 78; L.R. 7-15.  Accordingly, the hearing date of July 21, 2008, was vacated and the matter was taken under submission.

    On June 18, 2008, plaintiff Vincent White, appearing pro se, filed the instant motion for default judgment against Antelope Valley College (the "College").  On July 7, 2008, the College filed an opposition thereto arguing that default judgment is not appropriate because plaintiff has not served the College with a summons and complaint.[1]

---

[1] The Court notes that notwithstanding the filing of this opposition, the College appears to have preserved its right to object to service of process by specifically asserting the defense in its opposition.  See Fed. R. Civ. P. 12(h)(1) (stating that a party waives the defense of insufficiency of process by failing to raise the defense in a motion under Rule 12(b) or in an answer); see also Schmude v. Sheahan, 214 F.R.D. 487, 491 (N.D. Ill. 2003) (stating that defendant may waive insufficiency of process defense prior to filing a motion or answer by actively participating in the litigation); Jackson v. Hayakawa, 682 F.2d 1344, 1347 (9th Cir. 1982) (explaining that insufficiency of process defense can be waived if the defendant makes a general appearance without raising the defense in a preliminary motion or in a responsive pleading); Williams v. Helbig, et al., 2001 U.S. Dist. LEXIS 6576, at *6-8 (S.D.N.Y. May 17, 2001) (finding that the defendants did not waive the defense of insufficiency of process notwithstanding their filing of an affidavit in opposition to the plaintiff's motion for default judgment, which did not raise the defense, and defense counsel's appearance at a pretrial conference opposing the entry of default judgment).  Additionally, the College has not engaged in any conduct that would

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-588 CAS (VBKx) | Date | July 24, 2008 |
|---|---|---|---|
| Title | Vincent White v. California Community Colleges, et al. | | |

    Plaintiff concedes that he has not properly served the College with a summons and complaint. Because plaintiff has failed to effect proper service, the College was not required to respond herein. Therefore, the College is not in default, and plaintiff is not entitled to default judgment.

    According to Rule 4 of the Federal Rules of Civil Procedure, plaintiff must serve a summons and a copy of the complaint on the College. Fed. R. Civ. P. 4(c)(1). Any person who is not a party to the complaint, and who is over eighteen years old may serve the summons and complaint. Id. To properly serve the College, plaintiff must deliver a copy of the summons in accordance with Fed. R. Civ. P. 4(j), which governs service upon a state government or agency. Plaintiff must either deliver a copy of the summons and complaint to the College's chief executive officer pursuant to Fed. R. Civ. P. 4(j)(A), or "to the clerk, secretary, president, presiding officer, or other head of [the College's] governing body" pursuant to Cal. Code Civ. P. § 415.50. See Fed. R. Civ. P. 4(j)(A)-(B). If plaintiff decides to serve an appropriate College official by mail, as permitted under California law, he must also comply with Cal. Code Civ. P. § 415.30. California Code of Civil Procedure § 415.30 requires plaintiff to mail (by first-class mail or airmail, postage prepaid) a copy of the summons and complaint together with two copies of a notice and acknowledgment of receipt form and a return envelope, postage prepaid, addressed to the sender. Cal. Code Civ. P. § 415.30.

    Finally, the Court notes that plaintiff has failed to properly serve the College within 120 days after filing his first amended complaint. If plaintiff does not properly serve the College within thirty (30) days of the date of this order, the Court will dismiss the action as to the College for failure to prosecute. See Fed. R. Civ. P. 4(m) (stating that if a plaintiff does not have good cause for failing to serve a defendant within 120 days after the filing of the complaint, the district court shall dismiss the action as to that defendant without prejudice).

    In accordance with the foregoing, the Court hereby DENIES plaintiff's instant motion for default judgment.

    IT IS SO ORDERED.                                                                                                                                                                        00:00

---

constitute a waiver of the defense. See e.g., id. at *7-8.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-588 CAS (VBKx) | Date | July 24, 2008 |
|---|---|---|---|
| Title | Vincent White v. California Community Colleges, et al. | | |

| | Initials of Preparer | CMJ |
|---|---|---|