UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-588 CAS (VBKx) | Date | November 3, 2008 |
|---|---|---|---|
| Title | VINCENT WHITE v. CALIFORNIA COMMUNITY COLLEGES; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Vincent White (pro se) | Alexander Wong | |

**Proceedings:** **DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO F.R.C.P. RULES 41 & 12(b)(6), OR, IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT PURSUANT TO F.R.C.P. RULE 12(e)** (filed 10/06/08)

## I.   INTRODUCTION

On January 24, 2005, plaintiff Vincent C. White, appearing *pro se*, filed a complaint, pursuant to 42 U.S.C. § 1983, against the California Community Colleges Chancellor's Office ("Chancellor's Office"), Marshall Drummond, Victoria Morrow and Fusako Yokotobi.[1] Compl. at 1, 3. Plaintiff alleges that the Chancellor's Office did nothing to monitor or correct the disparity between minority and non-minority employees of the community college district. Attach. to Compl. at 1-4. Plaintiff further alleges that the Chancellor's Office did nothing to improve the number of minorities being hired by California Community Colleges. Id. Plaintiff seeks: (1) "compensatory damages for all internal and external applicants;" (2) "punitive damages for Civil Rights Violation for internal and external applicants;" (3)"to have individual [sic] monitor Chancellor's office to improve diversity on all campuses in violation of California Code of Regulations." Compl. at 6.

On March 14, 2005, the Court issued an order to show cause as to why the action should not be dismissed for lack of subject matter jurisdiction and proper standing.

---

[1] Plaintiff used a form civil rights complaint on which he checked the box for "42 U.S.C. § 1983."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-588 CAS (VBKx) | Date | November 3, 2008 |
|---|---|---|---|
| Title | VINCENT WHITE v. CALIFORNIA COMMUNITY COLLEGES; ET AL. | | |

Plaintiff's response to the Court's order was filed on March 27, 2005. Plaintiff argued in response to the order to show cause that he had standing because he had been refused employment by Antelope Valley College, which is under the Chancellor's Office's jurisdiction. Resp. to Order to Show Cause Why Action Should Not Be Dismissed ("Pl's Resp.") at 1-2. In addition, plaintiff asserted that the individual defendants were "being sued in their official capacities." Id. at 2. Plaintiff further cited case law supporting the proposition that state officers may be sued in their official capacity for prospective injunctive and declaratory relief. Id. at 2-3 (citing, *inter alia*, Seminole Tribe of Florida v. Florida, 517 U.S. 44, 73 (1996)). Plaintiff asserted, based on the cited authorities, that he is entitled to bring suit, pursuant to Fed. R. Civ. P. 23(b)(2), against the Chancellor's Office. See id. at 3. On June 1, 2005, the Court discharged the order to show cause.

On September 19, 2005, the Court granted the Chancellor's Office's motion to dismiss plaintiff's complaint pursuant to Fed. R. Civ. R. 12(b)(6) because the Chancellor's Office was entitled to immunity under the Eleventh Amendment. On May 16, 2007, the Ninth Circuit affirmed in part, and vacated and remanded in part this Court's September 19, 2005 order. The Ninth Circuit held that the Court properly dismissed plaintiff's claims against the California Community College Districts and the Chancellor's Office because they are state entities, but that plaintiff should have been given leave to amend his complaint as to the three named state officials.

On January 23, 2008, plaintiff filed a first amended complaint ("FAC") against defendants Antelope Valley College ("College") and Antelope Valley College's Board of Trustees ("Board"), alleging that defendants failed to hire him for eleven different accounting positions from 1999-2007 on account of his race and gender. FAC ¶¶ 4-6 ("Plaintiff alleges that due to him being an African American male, he is discriminated [against] based on his gender"). Specifically, plaintiff alleges claims for (1) violation of Title VII of the Civil Rights Act and the Civil Rights Act of 1991, pursuant to 42 U.S.C. §§ 2000e *et seq.*; (2) age discrimination, pursuant to 29 U.S.C. § 623(a)(1); (3) retaliation, pursuant to 42 U.S.C. § 2000e-3(a); (4) and (5) for disparate treatment and disparate impact; (6) violation of the California Code of Regulations §§ 53020, 53003, 53004, 53006, and 53022-53024; (7) discrimination, pursuant to 42 U.S.C. § 1981; (8) violation of 42 U.S.C. § 1983; (9) violation of Education Code § 87100(c); and (10) continuing violation. FAC ¶¶ 7-26.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-588 CAS (VBKx) | Date | November 3, 2008 |
|---|---|---|---|
| Title | VINCENT WHITE v. CALIFORNIA COMMUNITY COLLEGES; ET AL. | | |

After plaintiff failed to timely serve his FAC on the College and the Board, on March 14, 2008, the Court ordered plaintiff to show cause by April 14, 2008, why the case should not be dismissed for failure to prosecute. On June 18, 2008, plaintiff filed a motion for a default judgment against the College, which the Court denied on July 24, 2008, because plaintiff had failed to properly serve the College. In its July 24, 2008 order, the Court observed that plaintiff had failed to serve his FAC within 120 days of its filing and advised plaintiff that if he did not serve the defendants within 30 days, his FAC would be dismissed for lack of prosecution.

On August 1, 2008, the Court ordered plaintiff to show cause by August 18, 2008, why his FAC should not be dismissed as to the Board for lack of prosecution. On August 20, 2008, plaintiff advised the Court that he wished to dismiss the Board and proceed only against the College and requested additional time to serve the College with his FAC. On August 21, 2008, the Court dismissed the Board from the action without prejudice and warned plaintiff that if he did not serve the College by August 25, 2008, his FAC would be dismissed for failure to prosecute. Plaintiff served the College with his FAC and summons on August 26, 2008.

On October 6, 2008, the College filed the instant motion to dismiss plaintiff's FAC or, in the alternative, for a more definite statement and plaintiff filed his opposition. On October 27, 2008, the College filed its reply. The Court finds and concludes as follows.

**II.     BACKGROUND**

Between 1999 and 2007, plaintiff applied for eleven different accounting-related positions with the College. FAC ¶ 4. Despite having a bachelor's degree in accounting and "experience," plaintiff alleges that he has not been hired because he is an African American male. FAC ¶¶ 5-6. Plaintiff further alleges that he turned 40 in 2003 and that the College has been rejecting his applications since that time on the basis of his age. FAC ¶ 12. Additionally, plaintiff alleges that the College is discriminating against him because he has filed complaints against the College. FAC ¶ 13. Plaintiff further alleges that a "technical visit team" visited the College in 2002 and observed that the College had no equal employment opportunity coordinator, that hiring practices varied from supervisor to supervisor, that supervisors had subjective opinions when evaluating

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-588 CAS (VBKx) | Date | November 3, 2008 |
|---|---|---|---|
| Title | VINCENT WHITE v. CALIFORNIA COMMUNITY COLLEGES; ET AL. | | |

applications, and that no meetings were held by a diversity advisory committee and the committee's recommendations were ignored. FAC ¶ 14.

Plaintiff further alleges the College has not made progress towards equal opportunity employment, fails to have goals and timetables to hire minorities, does not monitor applicants to see if its equal employment program is effective, and is not clear in its job announcements as to what education or experience is required. FAC ¶¶ 16-19. Additionally, plaintiff alleges that when he applied for a position in 1999 without identifying his race and gender for affirmative action purposes, he was chosen for an interview, but not hired. FAC ¶ 20. Plaintiff further alleges that in 2000 he identified his race and gender in his application and was not chosen for an interview. Id. Plaintiff also alleges that in 2001 he did not identify his race and gender in his application and was selected to take an accounting skills test, but was told he did not score high enough on the test. Id. Based on his experiences, plaintiff alleges that the College uses the information gathered for affirmative action purposes to screen applicants on the basis of race. Id. Additionally, plaintiff alleges that the College's screening and selection techniques create an adverse impact, that the College's workforce does not reflect the diverse student population, that the College does not create a "fair" opportunity to compete for employment, and that the College does not use methods to ensure that their equal employment opportunity methods are effective. FAC ¶¶ 24-27.

**III.   LEGAL STANDARD**

    **A.   Rule 12(b)(6)**

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965.

In considering a motion pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-588 CAS (VBKx) | Date | November 3, 2008 |
|---|---|---|---|
| Title | VINCENT WHITE v. CALIFORNIA COMMUNITY COLLEGES; ET AL. | | |

drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, a court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

Dismissal pursuant to Rule 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

**B.     Rule 12(e)**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-588 CAS (VBKx) | Date | November 3, 2008 |
|---|---|---|---|
| Title | VINCENT WHITE v. CALIFORNIA COMMUNITY COLLEGES; ET AL. | | |

    Federal Rule of Civil Procedure 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Federal Rule of Civil Procedure 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Furthermore, a motion filed pursuant to Rule 12(e) "must point out the defects complained of and the details desired." Fed. R. Civ. P. 12(e).

## IV.    DISCUSSION

### A.    Untimely Service

    The College argues that the Court should dismiss plaintiff's FAC for failure to serve the FAC within 120 days of filing and for failure to comply with this Court's July 24, 2008 order. Mot. at 5 (citing Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it"). In determining whether to dismiss a case for failure to comply with a court order, district courts must weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (internal quotations and citations omitted). The College argues that lack of prejudice to defendants should not be determinative where the district court has explicitly warned the plaintiff of the possibility of dismissal. Mot. at 6 (citing Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) ("Where counsel continues to disregard deadlines, warnings, and schedules set by the district court, we cannot find that a lack of prejudice to defendants is determinative"). The College further argues that dismissal is proper here because plaintiff failed to serve his FAC by the Court ordered deadline. Id. Furthermore, the College contends that the Court took intermediate steps by ordering plaintiff to show cause why he had not served his FAC and offering defendant another opportunity to provide service.

    Plaintiff responds that a pro se litigant's pleadings should be construed liberally. Opp'n at 1. Plaintiff argues that he filed an improper motion for default because he "was told by this Court to file a default motion." Id. at 2. Plaintiff further argues that "[t]his

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-588 CAS (VBKx) | Date | November 3, 2008 |
|---|---|---|---|
| Title | VINCENT WHITE v. CALIFORNIA COMMUNITY COLLEGES; ET AL. | | |

Court should have examined the record first and told plaintiff that he needed to serve the complaint first instead of ordering him to file a default judgment." Id. (emphasis in original). Moreover, plaintiff argues that "when he asked for an extension to serve the defendant, the Court gave him a deadline of 25 Aug 2008, and blamed Plaintiff for not serving the Defendant within 120 days." Id. at 3. Plaintiff further argues that he wrote the Court an "extensive brief" explaining that he served the Chancellor's office and therefore believed that he did not need to serve the College. Id. Additionally, plaintiff argues that he mailed the summons via priority mail to the district courthouse on August 14, 2008, and that it arrived at the district courthouse on August 15, 2008. Id. at 4. Plaintiff contends that he should not be punished on account of the mail room's ten day delay. Id. Furthermore, plaintiff argues that his delay was one of "excusable neglect" because it was not prejudicial to the College and the length of delay was minor. Id. at 5 (citing Chanel Cryer v. Intersolutions, Inc., WL 1191928 (D.D.C. 2007)).

Moreover, plaintiff contends that the College did not mail plaintiff its motion to dismiss, in violation of Local Rule 5-3.1 and Fed. R. Civ. P. 5(a)(1). Id. at 6.

The College responds that plaintiff has not provided any adequate justification for his failure to timely serve it with the summons and FAC. Reply at 2. The College argues that plaintiff's pro se status should not excuse his failure to comply with the Court's order because the Court gave him clear instructions and he is a "reasonably experienced litigator." Id. at 2-3.

The Court declines to dismiss plaintiff's FAC for failure to prosecute. Plaintiff's one day delay in serving the complaint did not prejudice the College and public policy favors disposition of cases on their merits. Ferdik, 963 F.2d at 1260-61.

**B.   Plaintiff's First Claim**

To make out a prima facie case for discrimination in hiring under Title VII, plaintiff must show that (1) he is a member of a protected class; (2) he was qualified for the position he sought; (3) he suffered an adverse employment action; and (4) similarly situated individuals outside his protected class were treated more favorably. Fonseca v. Sysco Food Services of Arizona, Inc., 374 F.3d 840, 847 (9th Cir. 2004).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-588 CAS (VBKx) | Date | November 3, 2008 |
|---|---|---|---|
| Title | VINCENT WHITE v. CALIFORNIA COMMUNITY COLLEGES; ET AL. | | |

The College argues that plaintiff's first claim for Title VII discrimination should be dismissed for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6). Mot. at 7-8. The College contends that although plaintiff alleges that he was not hired or not interviewed for the positions he sought, he does not allege that he was actually qualified for the positions, nor does he allege that he was similarly situated to those who were interviewed or ultimately hired. Id. at 8. The College further contends that plaintiff makes no allegations regarding the qualifications, race, age, or gender of those who were interviewed and/or hired. Id. The College argues that "[p]laintiff's conclusory allegations that he has 'education (bachelor's degree in accounting) and experience' but has not been hired does not by itself establish a basis for concluding [that] race or gender discrimination has occurred." Id.

Additionally, the College argues that plaintiff's Title VII claims should be dismissed to the extent that plaintiff failed to file an Equal Employment Opportunity Commission ("EEOC") charge of discrimination. Id. at 11-12 (citing 42 U.S.C. § 2000e-5(f)(1); Jasch v. Potter, 302 F.3d 1092,1094 (9th Cir. 2002)). The College contends that plaintiff must file an administrative charged within 180 days after the allegedly unlawful employment practice occurred. Id. at 11-12. The College argues that since plaintiff alleges that he filed a single EEOC charge on October 30, 2006, his claims can at most only encompass hiring decisions made between May 3, 2006, and October 30, 2006. Id. at 12.

Plaintiff responds that he has established a prima facie case of discrimination. Opp'n at 8. Plaintiff argues that he belongs to a racial minority and was qualified for the positions that he applied for. Id. Plaintiff further argues that the College has not proved that he was not qualified. Id. Moreover, plaintiff contends that he should not be required to allege the qualifications required for each position or the qualifications of those eventually hired without discovery. Id. at 9.

The College responds that plaintiff has failed to allege sufficient facts connecting the College's decisions to hire other candidates to unlawful discrimination. Reply at 3. The College argues that plaintiff "only pleads that he is an African American male, over the age of 40, and he applied for various positions but was not hired." Id. at 4. The College contends that these pleadings are insufficient to support a discrimination claim against the College. Id. (citing Jones v. Community Redevelopment Agency, 733 F.2d

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-588 CAS (VBKx) | Date | November 3, 2008 |
|---|---|---|---|
| Title | VINCENT WHITE v. CALIFORNIA COMMUNITY COLLEGES; ET AL. | | |

646, 649 (9th Cir. 1984) (" We conclude that the district court properly dismissed Jones' section 1983 claim. His allegations are conclusional and unsupported by any facts as to how race entered into any decisions")).

The Court concludes that plaintiff's first claim should be dismissed. Plaintiff's failure to file a complaint with the EEOC within 180 days may bar his claim, but the Court declines to dismiss plaintiff's claim on this ground because he alleges that he received a right to sue letter from the EEOC on January 15, 2008. Saulsbury v. Wismer and Becker, Inc., 644 F.2d 1251, 1257 (9th Cir. 1980) ("a complainant need not wait 180 days following the EEOC's assumption of jurisdiction before filing an action in the district court if the EEOC has issued a 'right to sue' letter."). Nevertheless, plaintiff has failed to make out a prima facie case for discrimination under Title VII. Plaintiff's FAC contains absolutely no allegation regarding the people who were interviewed and eventually hired for the positions that he sought. Without an allegation that similarly situated individuals outside his protected class were treated more favorably, plaintiff's claim must be dismissed. Fonseca, 374 F.3d at 847. In order to correct this defect, plaintiff must allege that those who were eventually interviewed or hired were not members of the same protected class as plaintiff, i.e., he or she was not African American. Plaintiff should also attach a copy his "right to sue" letter to his complaint and clearly identify the dates on which he filed complaints with the EEOC.

    C.    **Plaintiff's Second Claim**

To make out a prima facie case for age discrimination pursuant to 29 U.S.C. § 623(a)(1), plaintiff must show that (1) he is over 40; (2) he was qualified for the positions he sought; (3) he suffered an adverse employment action; and (4) he was replaced by a significantly younger employee. Brewer v. Quaker State Oil Refining Corp., 72 F.3d 326, 330 (3d Cir. 1995).

The College argues that plaintiff's second claim for age discrimination should be dismissed for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6). The College contends that plaintiff's allegations that he is over 40 and applied for several positions is not sufficient to state a claim for age discrimination. The College argues that plaintiff does not allege that he was qualified for the job, nor does he allege the ages of the individuals who were interviewed and/or hired for the positions he sought.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-588 CAS (VBKx) | Date | November 3, 2008 |
|---|---|---|---|
| Title | VINCENT WHITE v. CALIFORNIA COMMUNITY COLLEGES; ET AL. | | |

Plaintiff responds that he has properly alleged that he turned 40 years old in 2003, that he applied for positions that he was qualified for, and that he was ultimately rejected despite his qualifications. Opp'n at 10. Plaintiff argues that he has not alleged that the employer ultimately filled the position with someone younger because he has not had an opportunity to conduct discovery. Id.

The Court concludes that plaintiff's second claim must be dismissed because plaintiff has failed to make out a prima facie case for age discrimination. While plaintiff has not had the benefit of discovery, he must at least allege that the positions he was seeking were filled by significantly younger employee. Brewer, 72 F.3d at 330.

### D. Plaintiff's Third Claim

To make out a prima facie case for retaliation, plaintiff must establish (1) involvement in a protected activity; (2) an adverse employment action, and (3) a causal link between the two. Brooks v. City of San Mateo, 229 F.3d 917, 928 (9th Cir. 2000).

The College argues that plaintiff's third claim for retaliation should be dismissed for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6). The College contends that plaintiff merely alleges that he filed a complaint against the College with the EEOC and that he was not hired. Mot. at 9. The College further contends that plaintiff has not alleged any facts that establish the necessary causal link between his filing his complaint with the EEOC and the alleged retaliation. Id. Moreover, the College contends that plaintiff's EEOC complaint was filed in October 2006 after plaintiff had been turned down for nine of the eleven positions for which he applied. Id. As to the two positions for which plaintiff applied after filing his EEOC complaint, the College contends that he had previously been turned down for those same job classifications years before filing his EEOC complaint. Id.

Plaintiff responds that he filed a complaint with the Department of Fair Employment and Housing ("DFEH") on June 4, 2001. Id. at 11. Plaintiff argues that he met with Mr. Schmidt, acting director of human resources at the College, but "nothing resulted from the meeting." Id. Plaintiff further argues that "filing a complaint with the Chancellor's Office and DFEH was retaliation because Plaintiff was never called for an interview from 2003-2007." Id. at 12.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-588 CAS (VBKx) | Date | November 3, 2008 |
|---|---|---|---|
| Title | VINCENT WHITE v. CALIFORNIA COMMUNITY COLLEGES; ET AL. | | |

The Court concludes that Plaintiff's third claim for relief must be dismissed. In his FAC, plaintiff did not allege any causal link between his EEOC action and the College's denial of his employment applications. The timing of the employment actions and the filing of plaintiff's EEOC complaint do not create an "inference of causation." Payne v. Northwest Corp., 113 F.3d 1079, 1080 (9th Cir. 1997). Furthermore, the Court cannot consider plaintiff's argument regarding his complaint with DFEH because that contention is not contained in his FAC and the Court cannot consider material outside the complaint in a Rule 12(b)(6) motion. In re American Cont'l Corp., 102 F.3d at 1537. To correct this defect, plaintiff must allege that he engaged in a protected activity, such as filing a complaint with the EEOC, he was then not hired or interviewed for the positions he sought, and the timing of the rejections must create an inference of causation. Payne, 113 F.3d at 1080.

E.   **Plaintiff's Fourth Claim**

The College argues that a "disparate treatment" claim requires a plaintiff to allege that similarly situated people, who are not in the same protected class as the plaintiff, were treated differently. Id. (citing Ventura Mobile Home Communities Owners Ass'n v. City of San Buena, 371 F.3d 1046, 1055 (9th Cir. 2004); Lee v. City of Los Angeles, 250 F.3d 688 (9th Cir. 2001)). The College contends that plaintiff alleges no acts establishing disparate treatment because of his race, gender, age, or protected activity and merely alleges that he was not hired. Plaintiff argues that this "vague allegation does not show disparate treatment." Id. at 10.

Plaintiff argues that two professors and an employee at the College filed suit against the College for discrimination in McDonald v. Antelope Valley College Community District, Case No. B188077 (Los Angeles Superior Court 2007) and that the College had no EEO coordinator to make sure that the College was compliant with EEO policies and procedures. Id. at 14-15. Plaintiff further argues that the College changes its hiring policies, its procedures on hiring vary from supervisor to supervisor, and its diversity advisory committee did not hold any meetings. Id. at 15-16. Plaintiff also contends that the College did not tell him of the proper procedures for filing a discrimination complaint when he wrote to the Board. Id. at 17. Moreover, plaintiff contends that an employee of the college, Rochelle Dowdell, who screened some of his applications was not qualified. Id. at 19. Plaintiff further contends that Dowdell has a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-588 CAS (VBKx) | Date | November 3, 2008 |
|---|---|---|---|
| Title | VINCENT WHITE v. CALIFORNIA COMMUNITY COLLEGES; ET AL. | | |

discriminatory attitude towards African Americans.  Id. at 20.

The Court concludes that plaintiff's fourth claim must be dismissed.  As mentioned in the Court's discussion of plaintiff's Title VII claim, supra, a claim of disparate treatment requires plaintiff to allege that (1) he belongs to a protected class; (2) he was qualified for the position; (3) he was subject to an adverse employment action; and (4) similarly situated individuals outside his protected class were treated more favorably.  Fonseca, 374 F.3d at 847.  Plaintiff fails to allege that similarly situated individuals outside his protected class were treated more favorably, i.e., were hired or interviewed for the positions he sought.

### F.     Plaintiff's Fifth Claim

The College argues that plaintiff's claim for "disparate impact," should be dismissed because he has not identified any discriminatory policies or alleged any facts demonstrating that the policies at issue "have adverse effects on persons of a protected class, or that the employee population in general is not affected by the policy to the same degree."  Mot. at 10 (citing Garcia v. Spun Steak Co., 998 F.2d 1480, 1486 (9th Cir. 1993)).

The Court concludes that plaintiff's fifth claim for disparate impact must be dismissed.  Plaintiff has failed to show that the allegedly discriminatory policy has significant adverse effects on the protected class or that the employee population in general is not affected by the policy to the same degree.  Garcia, 998 F.2d at 1486.  Plaintiff may not "merely assert that the policy has harmed members of the group to which he or she belongs."  Id.  To correct this defect, plaintiff must aver that the College's policies have significant adverse effects on African Americans and that non African Americans are not affected by the College's policies to the same degree.

### G.     Plaintiff's Sixth, Seventh, Eighth and Ninth Claims

The College argues that plaintiff's sixth, seventh, eighth, and ninth claims for relief for California regulatory and statutory violations, and violations of 42 U.S.C. §§ 1981 and 1983 are barred by the College's Eleventh Amendment immunity.  Mot. at 10.  The College contends that it is a state agency for the purposes of the Eleventh Amendment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-588 CAS (VBKx) | Date | November 3, 2008 |
|---|---|---|---|
| Title | VINCENT WHITE v. CALIFORNIA COMMUNITY COLLEGES; ET AL. | | |

Id. (citing Mitchell v. Los Angeles Community Colleges District, 861 F.2d 198, 201-202 (9th Cir. 1988)).

Plaintiff responds that the College has not shown any proof that the Eleventh Amendment applies to California regulatory violations. Opp'n at 22.

The College responds that the Eleventh Amendment precludes plaintiffs from bringing any pendent state law claims in federal court. Reply at 5 (citing Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 120 (1984)). The College argues that none of the California regulations or statutes serving as the basis for plaintiff's sixth and ninth claims provide for any relief in federal court and therefore "merely assert pendent state law claims." Id. at 5-6.

The Court concludes that plaintiff's sixth, seventh, eighth, and ninth claims are barred by the College's Eleventh Amendment immunity. Mitchell, 861 F.2d at 201 (holding that California case law demonstrates that California state colleges and universities are "dependent instrumentalities of the state" and therefore entitled to Eleventh Amendment immunity). Eleventh Amendment immunity applies to all kinds of claims, including those for regulatory violations. See Pennhurst, 465 U.S. at 100 (holding that Eleventh Amendment immunity applies "regardless of the nature of the relief sought").

### H. Plaintiff's Tenth Claim

The College argues that plaintiff's tenth claim, alleging that the College's repeated failure to hire him dating back to 1999 represents a continuing violation, should be dismissed because "[t]he so-called continuing violation doctrine does not apply to claims for discrete acts of discrimination such as refusal to hire." Mot. at 12; Reply at 6 (citing National Railroad Passenger Corp. v. Morgan, 536 U.S. 101, 113-15 (2002) ("Discrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify. Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment practice.'").

Plaintiff responds that his claims are not discrete and that "all acts [alleged] under his first complaint [apply] to all his claims from 2001-2007." Opp'n at 20-21. Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-588 CAS (VBKx) | Date | November 3, 2008 |
|---|---|---|---|
| Title | VINCENT WHITE v. CALIFORNIA COMMUNITY COLLEGES; ET AL. | | |

further argues that his allegations "were confirmed with another lawsuit against [the College] alleging similar allegations in addition to a technical visit due to numerous articles in the newspaper describing discriminatory treatment." Id. at 21.

The Court concludes that plaintiff's tenth claim for "continuing violation" should be dismissed. The "continuing violation allows courts to consider conduct that would ordinarily be time barred 'as long as the untimely incidents represent an ongoing unlawful employment practice.'" Morgan, 536 U.S. at 107. A plaintiff can establish a continuing violation if the "alleged acts of discrimination occurring prior to the limitations period are sufficiently related to those occurring within the limitations period. The alleged incidents, however, cannot be isolated, sporadic, or discrete." Id. (internal citations and quotations omitted). The College's failure to hire or interview plaintiff constitutes a discrete act and as such, the continuing violation doctrine does not apply to plaintiff's allegations. Morgan, 536 U.S. at 113-15 (holding that discrete acts "such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify. Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment practice.'"); Ledbetter v. Goodyear Tire & Rubber Co., Inc., 127 S. Ct. 2162, 2169 (2007) ("if an employer engages in a series of acts each of which is intentionally discriminatory, then a fresh violation takes place when each act is committed.").

### I.   The College's Alternative Request for a More Definite Statement

The College argues that in the event that the Court does not dismiss plaintiff's FAC, the Court should order plaintiff to make his complaint more definite to enable the College to reasonably respond to the charges. Mot. at 13. For example, the College argues that it is "unclear whether Plaintiff is alleging race, gender, age or reprisal discrimination, or all of the above, as part of his First Claim for Relief under Title VII."

The Court concludes that a dismissal is more appropriate in this case and therefore denies the College's alternative request for a more definite statement.

### V.   CONCLUSION

In accordance with the foregoing, the Court GRANTS defendant's motion to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-588 CAS (VBKx) | Date | November 3, 2008 |
|---|---|---|---|
| Title | VINCENT WHITE v. CALIFORNIA COMMUNITY COLLEGES; ET AL. | | |

dismiss as to plaintiff's first, second, third, fourth, fifth, and tenth claims with leave to amend. The Court further GRANTS defendant's motion to dismiss as to plaintiff's sixth, seventh, eighth, and ninth claims without leave to amend because the College is entitled to Eleventh Amendment immunity and therefore "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber, 806 F.2d at 1401. The Court further DENIES defendant's motion for a more definite statement.

　　Plaintiff shall file a second amended complaint curing the defects noted herein within 30 days after the filing of this order. Failure to file a timely second amended complaint may result in dismissal of this action with prejudice.

　　IT IS SO ORDERED.

|  | 00 | : | 06 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |